FILED
2007 Mar-05 PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| IN RE: JUAN AGUAS ROMERO, *et al.*, | } } } |
| Plaintiffs, | } } |
| v. | } CASE NO. CV-03-BE-0575-W } } |
| DRUMMOND COMPANY, INC., *et al.*, | } } } |
| Defendants. | } } |

**ORDER**

This case is before the court on the Defendants' joint motion for summary judgment (Doc. 293). Following briefing by both sides, the court held a hearing on the motion on February 27, 2007. For the reasons explicitly stated on the record at that hearing, the court hereby GRANTS in part and DENIES in part Defendants' motion for summary judgment.

**I.     CLAIMS OF TORTURE PLAINTIFFS[1]**

The First and Second Causes of Action in the complaints brought by each of the "Torture Plaintiffs" state claims for torture under the Alien Tort Claims ("ATCA") and the Torture Victims Protection Act ("TVPA"). The court finds that the Torture Plaintiffs have failed to put forward evidence sufficient to establish the elements of a claim for torture under either statute. Specifically, the court finds that a claim for torture under either act requires a showing of custody

---

[1] Juan Aquas Romero (Case No. 03-CV-575-KOB), Jimmy Jose Rubio Suarez (Case No. 03-CV-1788-KOB), Francisco Ruiz (Case No. 04-CV-241-KOB), John Doe II (Case No. 04-CV-242-KOB), and the union SINTRAMIENERGETICA (named plaintiff in each of the foregoing cases).

1

or physical control by the offender over the alleged torture victim.  Because plaintiffs have not put forward evidence establishing custody or control over them, no genuine issue of material fact exists as to this element of their torture claims, and Defendants are entitled to summary judgment as a matter of law as to all claims for torture under the ATCA and the TVPA.  As such, the First and Second Causes of Action are hereby DISMISSED with prejudice from each of the member cases named above.

The Torture Plaintiffs have also alleged various causes of action under state common law.[2]  The court determined that, in view of Alabama's traditional refusal to apply its common law to torts where the injury occurred outside of the state, it would not apply Alabama common law to the tort claims alleged here, which occurred extraterritorially in Colombia.  Because Plaintiffs pursued their claims for assault, intentional infliction of emotional distress, false imprisonment, and negligent supervision exclusively under Alabama law, the court hereby GRANTS Defendants' motion for summary judgment as to those claims.  The state common law claims asserted by the Torture Plaintiffs, therefore, are hereby DISMISSED with prejudice.

The court notes that Plaintiffs have agreed to forego their claims for Denial of Fundamental Rights to Associate and Organize under the ATCA and the TVPA (Third Cause of Action in each of the cases brought by the Torture Plaintiffs, as well as in the case brought by the Wrongful Death Plaintiffs, discussed below).  Thus, finding that no causes of action remain in any of the complaints brought by the Torture Plaintiffs, the court hereby DISMISSES with

---

[2] The state law tort claims are: (1) assault (Fourth Cause of Action in Romero, Suarez, Ruiz, and Doe II complaints); (2) intentional infliction of emotional distress (Fifth Cause of Action in Romero, Suarez, Ruiz, and Doe II); (3) negligent supervision (Sixth Cause of Action in Ruiz and Doe II complaints; Seventh Cause of Action in Romero and Suarez complaints); (4) false imprisonment (Sixth Cause of Action in Suarez complaint); and (5) negligent infliction of emotional distress (Sixth Cause of Action in Romero complaint, which this court has already dismissed on October 22, 2003).

prejudice the member cases *Romero v. Drummond* (03-575), *Suarez v. Drummond* (03-1788), *Ruiz v. Drummond* (04-241), and *Doe II v. Drummond* (04-242) in their entireties.

## II. CLAIMS OF WRONGFUL DEATH PLAINTIFFS[3]

The Wrongful Death Plaintiffs in member case *Rodriquez v. Drummond* (02-665) have alleged in the Fourth Cause of Action a claim for wrongful death under the laws of Colombia, and have submitted an affidavit informing the court of what they contend are the relevant legal principles in Colombia. The court *reserves ruling* on Defendants' motion for summary judgment as to the wrongful death claims, until after Defendants have had an opportunity to brief Colombian law in response to the affidavit Plaintiffs submitted. A separate scheduling order will be entered as to Defendants' brief and Plaintiffs' reply on the issue of wrongful death under Colombian law.

The Wrongful Death Plaintiffs have alleged a claim for extrajudicial killing under both the ATCA and the TVPA (First and Second Causes of action in the *Rodriquez v. Drummond* complaint). The court finds that Plaintiffs have failed to put forward sufficient evidence to satisfy the state action requirement of the TVPA, and that Defendants are entitled to judgment on these claims. Accordingly, Defendants' motion for summary judgment is GRANTED as to all claims for extrajudicial killing under the TVPA. The Second Cause of Action in member case No. 02-CV-0665-KOB is hereby DISMISSED with prejudice.

On the other hand, the court finds that the Wrongful Death Plaintiffs have produced

---

[3] Several anonymously-identified Plaintiffs have filed a complaint alleging, among other things, a claim for wrongful death under the ATCA, the TVPA, and common law. That case is identified as Rodriquez, et al. v. Drummond et al. (02-CV-665-KOB). The anonymous Plaintiffs are the legal heirs and successors to Valmore Locarno Rodriquez ("Locarno"), Victor Hugo Orcasita Amaya ("Orcasita"), and Gustavo Soler Mora ("Soler"), all of whom were union leaders allegedly murdered by paramilitary forces at the orders of the Defendants.

enough evidence to create a genuine issue of material fact as to whether Defendants' alleged participation in the murders of the union leaders might fall within the war crimes exception to the state action requirement of the ATCA.  *See Kadic v. Karadz*, 70 F.3d 232, 243 (2d Cir. 1996).  Plaintiffs have put forward sufficient evidence to create a genuine issue of material fact as to Defendants' liability for violation of the Alien Tort Claims Act, under a theory of aiding and abetting liability, but *not* under either a conspiracy or an agency theory.[4]  As such, Defendants have not established that no genuine issues of fact exist and that they are therefore entitled to judgment as a matter of law.  The court, therefore, DENIES Defendants Drummond Ltd. and Augusto Jiménez's motion for summary judgment as to the ATCA claims of the deceased union leaders' anonymous heirs and successors for extrajudicial killing, under a theory of aiding and abetting liability.  The Wrongful Death Plaintiffs' First Cause of Action, in member case No. 02-CV-0665-KOB, shall proceed.

The court found that Plaintiffs had failed to put forward sufficient evidence to establish direct liability of Defendant Drummond Company, Inc. on the claims for extrajudicial killing under the ATCA.  Plaintiffs also have not convinced the court that it should pierce the corporate veil, or that any other theory of corporate liability exists for asserting these claims against Drummond Company, Inc.  Therefore, the court GRANTS summary judgment as to all claims against Drummond Company, Inc..  Drummond Company, Inc., therefore, is hereby DISMISSED with prejudice from the remaining member case No. 02-CV-0665-KOB.

Finally, the court determined that the union, SINTRAMIENERGETICA, has put forward

---

[4] As stated on the record, however, should the court determine that Mr. Garcia may testify at trial, Plaintiffs are given leave to petition the court to reconsider whether Defendants may be held liable under either a conspiracy or an agency theory.

sufficient evidence of injury, causation, and redressability to establish that it has standing to assert claims for extrajudicial killing of its leaders under the ATCA. Defendants' motion for summary judgment as to the union's extrajudicial killing claims under the ATCA is therefore DENIED.

This case shall proceed only as to the claims of the Wrongful Death Plaintiffs (including the union, SINTRAMIENERGETICA) (1) for extrajudicial killing under the ATCA under a theory of aiding an abetting liability, and (2) for wrongful death under Colombian law (following briefing by both sides on Colombian wrongful death law, as set forth in the contemporaneously-filed scheduling order). All other claims and causes of action, including all claims against Drummond Company, Inc., have been dismissed with prejudice.

DONE and ORDERED this 5th day of March, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE